**Dorothy CARR, Plaintiff–Appellant,**

v.

**State of WISCONSIN DEPARTMENT OF CORRECTIONS, Pat Ogren, Sue Boeke, et al., Defendants–Appellees.**

Nos. 01–3722, 02–1646.

United States Court of Appeals, Seventh Circuit.

Argued Feb. 20, 2003.

Decided Feb. 26, 2003.

Before BAUER, POSNER, and WILLIAMS, Circuit Judges.

## ORDER

Plaintiff–Appellant Dorothy Carr ("Carr") appeals the district court's grant of summary judgment in favor of Defendants–Appellees State of Wisconsin Department of Corrections and four of its employees ("Appellees") on Carr's employment discrimination claims under Title VII, 42 U.S.C. §§ 1981 & 1983. Carr also seeks review of the district court's February 2001 decision denying her motion for leave to file a third amended complaint and its February 2002 decision denying her motion for review of the taxation of costs in favor of Appellees.

Carr claims she was subjected to discrimination based on her race and in retaliation for complaints of discrimination she made during the course of her employment

as a youth counselor with the State of Wisconsin. The district court made the following preliminary observation in its February 2001 decision granting summary judgment to Appellees:

> The complaint and Carr's response to defendants' motion for summary judgment, including her brief, response to [defendants' proposed findings of fact], and her own proposed findings of fact, are convoluted. Carr makes many conclusory statements, but such statements are not facts. Carr has the burden of making a sufficient showing on the elements of her claims, *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986), and this court is not able to make her case for her, *Little v. Cox's Supermarkets*, 71 F.3d 637 641 (7th Cir.1995). As we shall see, Carr has failed to show this court, factually or legally, why summary judgment should not be entered against her.

The district court found that Carr neither put forth direct evidence of racial discrimination under Title VII necessary to defeat summary judgment nor proceeded successfully under the burden-shifting formula articulated in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973). For example, despite her contention that "the remarks made by each of the defendants[,] coupled with the extensive individual and shared illegal conduct set forth in the attached facts, constitute direct proof of discrimination," Carr neither discussed the alleged remarks and conduct nor cited to the record. Without offering credible support for her conclusory statements, Carr failed to meet or shift her burden on summary judgment. The district court similarly dismissed her Title VII retaliation claims because her response to the arguments made by Appellees was merely conclusory. Finally, Carr failed to respond altogether to Appellees' arguments against Carr's §§ 1981 & 1983 claims. Consequently, the district court deemed those claims abandoned and dismissed them.

■ We review the district court's award of summary judgment *de novo* based upon the record, evidence, and arguments presented to the district court. Like the district court, we find no factual or legal basis for Carr's race and retaliation claims sufficient to permit a reasonable trier of fact to find in Carr's favor. Her filings in the district court were uniformly conclusory and deficient in factual or legal support for her claims. Summary judgment was therefore proper.

■ The district court dismissed as untimely Carr's November 2000 motion for leave to file a third amended complaint to add new defendants and claims under the Rehabilitation Act. Though not explicitly stated in the district court's decision, Carr moved for leave to amend after the close of discovery and after the filing of Appellees' summary judgment motion. Because granting Carr's motion for leave to amend this late in the game would have resulted in undue delay and prejudice to Appellees, the district court's dismissal of the motion as untimely was a proper exercise of its discretion.

Following summary judgment and dismissal of all of Carr's remaining claims, the Deputy Clerk awarded Appellees costs of $1912.71, pursuant to Rule 54 of the Federal Rules of Civil Procedure. Carr subsequently filed, and the district court denied, a motion to review taxation of costs.

■ We review the district court's denial of the motion to review taxation of costs for an abuse of discretion. Starting with the presumption that a prevailing party will be awarded costs under Rule 54(d), the district court found that the costs sought by Appellees were reasonable and necessary. The district court rejected Carr's conclusory allegation of "financial

hardship" as insufficient to overcome the presumption in favor of awarding costs, noting (i) that she made "no attempt to support her own position with an affidavit concerning her finances, much less an affidavit showing that she is *unable* to pay the defendants' relatively modest costs of less than $2000" [emphasis in original] and (ii) that her ability or inability to pay, rather than "financial hardship", determines whether an award of costs would be appropriate. This Court does not doubt the seriousness of the financial burden that the award of costs imposes upon Carr; indeed, in our discretion, we likely would have sought ways to overcome the presumption of awarding costs precisely to spare her this hardship. However, the decision to deny the motion to review taxation of costs falls within the sole discretion of the district court, and we hardly can say that its decision in the instant case amounts to an abuse of that discretion.

AFFIRMED